IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RIPARIUS VENTURES, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 07-CV-6121 |
| | ) | |
| v. | ) | |
| | ) | Judge John W. Darrah |
| LOGITECH INTERNATIONAL S.A., | ) | |
| KONINKLIJKE PHILIPS | ) | |
| ELECTRONICS N.V., | ) | Magistrate Judge Denlow |
| U.S. ROBOTICS and CISCO SYSTEMS, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## LOGITECH INTERNATIONAL S.A.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, LOGITECH INTERNATIONAL S.A. ("LISA"), by and through its attorneys, Banner & Witcoff, Ltd., responds to the complaint of the Plaintiff, RIPARIUS VENTURES, LLC ("Plaintiff"), as follows:

### JURISDICTION AND VENUE

1.      Complaint:  This is a claim for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  This Court has exclusive jurisdiction over the subject matter under 28 U.S.C. § 1338(a).

**ANSWER**:

LISA admits that the patent laws of the United States provide subject matter jurisdiction over this action but deny that Plaintiff has a valid claim.

2.      Complaint:  Riparius Ventures LLC is a Maryland limited liability company. Riparius owns all right, title and interest in and has standing to sue for infringement of United States Patent Nos. 7,016,481 and 7,139,371, each entitled "Remote Internet Telephony Device."

**ANSWER**:

Paragraph 2 of the Complaint violates Fed. R. Civ. P. 10(b), which provides in relevant part that "[a]ll averments of claim or defense shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances[]." Nonetheless, LISA states that it is without knowledge or information sufficient to admit or deny the allegation that "Riparius Ventures LLC is a Maryland limited liability company." LISA further states that it is without knowledge or information sufficient to admit or deny the allegation that "Riparius owns all right, title and interest in and has standing to sue for infringement of United States Patent Nos. 7,016,481 and 7,139,371." Accordingly, LISA denies the foregoing averments. LISA admits that U.S. Pat. Nos. 7,016,481 and 7,139,371 are each entitled "Remote Internet Telephony Device."

3. Complaint: Logitech International S.A. ("Logitech") is an alien corporation, a joint stock company incorporated under the laws of Switzerland, with its headquarters at Apples, Switzerland. Logitech has an officer in the United States: Logitech International S.A. c/o Logitech, Inc., 6505 Kaiser Drive, Fremont, California. Logitech sells cordless VoIP phones, such as the Logitech Cordless Internet Handset. These phones are offered for sale throughout the United States, and in this District, via a website, http://www.logitech.com, and at retailers listed on the same website, including Wal-Mart and CDW.

**ANSWER**:

LISA admits that it is a foreign corporation incorporated under the laws of Switzerland and with its registered office in Apples, Switzerland. LISA admits that VoIP phones are sold by its *subsidiary*, Logitech, Inc., in the United States via a website, http://www.logitech.com, and are sold by retailers listed on that website. LISA, however, denies that it sells or offers for sale any VoIP phones in the United States, or anywhere else in the world. Accordingly, LISA denies that it is properly named as a defendant to this action. Additionally, LISA denies that service of process was proper. LISA denies the remainder of the foregoing averments in Paragraph 3.

4. Complaint: Koninklijke Philips Electronics N.V. ("Philips") is an alien corporation organized under the laws of the Netherlands, with headquarters at Breitner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands. Philips sells cordless VoIP phones, such as the model 321 and 433 cordless internet phones. These products are offered for sale throughout the United States and in this District, at retailers such as Wal-Mart and over the internet from Amazon.com.

**ANSWER**:

LISA is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4, and therefore denies the same.

5. Complaint: U.S. Robotics is a privately-held company located at 935 National Parkway, Schaumburg, Illinois. U.S. Robotics sells cordless VoIP phones, such as the U.S. Robotics model USR 9630 Cordless Skype Dual Phone. These products are offered for sale throughout the United States and in this District via, for example, the U.S. Robotics website and at the Skype Store on Skype's website.

**ANSWER**:

LISA is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, and therefore denies the same.

6. Complaint: Cisco Systems, Inc. ("Cisco") is a California corporation, with its headquarters at 170 West Tasman Drive, San Jose, California. Linksys is a division of Cisco Systems, Inc., and is based in Irvine, California according to Cisco. Linksys sells cordless VoIP phones, such as the CIT300 and CIT310. These products are offered for sale throughout the United States and in this District, such as on the Dell website, and by Amazon.com.

**ANSWER**:

LISA is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6, and therefore denies the same.

7. Complaint: Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER**:

Denied.

8. Complaint: The defendants have infringed the '481 and '371 patents in connection with the manufacture, importation, sale, offer for sale, and use of internet telephony devices, including at least their VoIP telephones. Additional products may be identified in the course of discovery. At present, the asserted claim is claim 1 of each patent. Additional claims may be identified in the course of discovery. The defendants were given notice of the '481 patent and the published application for the '371 patent, and its claims have not substantially changed.

**ANSWER**:

Denied.

9. Complaint: The infringement has injured Riparius, which is entitled to recover damages adequate to compensated it for the infringement, but in no event less than a reasonable royalty.

**ANSWER**:

Denied.

10. Complaint: On information and belief, the infringement has been willful and deliberate and has injured and will continue to injure Riparius unless and until this Court enters an injunction prohibiting further infringement of the '481 and '371 patents.

**ANSWER**:

Denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
**(Lack of Personal Jurisdiction)**

11. LISA asserts the defense of lack of personal jurisdiction.

**SECOND AFFIRMATIVE DEFENSE**
**(Improper Service of Process)**

12. LISA asserts the defenses of insufficiency of process and insufficiency of service of process.

### THIRD AFFIRMATIVE DEFENSE
**(Non-Infringement)**

13. LISA does not infringe any claim of U.S. Pat. Nos. 7,016,481 and 7,139,371 (respectively, "the '481 and '371 patents") either directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and has not induced others to infringe these patents.

### FOURTH AFFIRMATIVE DEFENSE
**(Invalidity)**

14. On information and belief, the '481 and '371 patents and each and every claim contained therein are invalid for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. § 101 *et seq.*

### FIFTH AFFIRMATIVE DEFENSE
**(Laches)**

15. On information and belief, Plaintiff is barred from recovering damages for any of LISA alleged acts of infringement under the doctrine of laches. Plaintiff's unreasonable delay in filing this action has prejudiced LISA's and, therefore, constitutes laches.

### SIXTH AFFIRMATIVE DEFENSE
**(Non-Entitlement to Costs)**

16. Plaintiff is not entitled to any costs in this lawsuit because of its failure to comply with 35 U.S.C. § 288.

### SEVENTH AFFIRMATIVE DEFENSE
**(Patent Marking)**

17. On information and belief, Plaintiff is not entitled to any damages for alleged infringement because of failure to comply with 35 U.S.C. § 287.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant LISA prays for relief as follows:

(a) That the Complaint be dismissed with prejudice;

(b) That this Court enter judgment that LISA has not infringed any claim in the '481 and '371 patents;

(c) That this Court enter judgment that the '481 and '371 patents are invalid;

(d) That this Court enter judgment that the '481 and '371 patents are unenforceable;

(e) That this case be declared "exceptional" under 35 U.S.C. § 285 and that Plaintiff be ordered to pay LISA's reasonable attorney fees;

(f) That Plaintiff be ordered to pay LISA's damages, costs, charges and disbursements, including a reasonable attorneys' fee, incurred in the defense of this action; and

(g) That this Court award LISA such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: November 28, 2007

/s/ Jason S. Shull
Timothy C. Meece
Jason S. Shull
Shawn P. Gorman
BANNER & WITCOFF, LTD.
10 S. Wacker Drive, Suite 3000
Chicago, Illinois  60606
Telephone:   (312) 463-5000
Facsimile:   (312) 463-5001

*Attorneys for Defendant,*
*Logitech International S.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of LOGITECH INTERNATIONAL S.A.'s ANSWER AND AFFIRMATIVE DEFENSES was served electronically in accordance with LR5.9 on the above-identified date on the following counsel of record.

>Joseph N. Hosteny
>Arthur A. Gasey
>Niro, Scavone, Haller and Niro
>181 West Madison Street
>Suite 4600
>Chicago, Illinois  60602
>
>*Attorneys for Plaintiff,*
>*Riparius Ventures LLC*

/s/ Jason S. Shull
*One of the Attorneys for Defendant,*
*Logitech International S.A.*