IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RIPARIUS VENTURES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07 CV 6121 |
| | ) | |
| LOGITECH INTERNATIONAL S.A., | ) | Judge John W. Darrah |
| KONINKLIJKE PHILIPS | ) | Presiding Magistrate Judge Morton Denlow |
| ELECTRONICS N.V., | ) | |
| U.S. ROBOTICS and | ) | **JURY TRIAL DEMANDED** |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## CISCO SYSTEMS, INC.'S ANSWER, DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT

Defendant Cisco Systems, Inc. ("Cisco") answers Plaintiff's Complaint for patent infringement as follows:

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a).

**ANSWER:**

Cisco admits that the Complaint purports to set forth a claim under the patent laws of the United States, Title 35, United States Code, and that this Court has exclusive jurisdiction over the subject matter of the action under 35 U.S.C. § 1338(a), but denies that those claims have any factual or legal basis.

2.      Riparius Ventures LLC is a Maryland limited liability company.  Riparius owns all right, title and interest in and has standing to sue for infringement of United States Patent Nos. 7,016,481 and 7,139,371, each entitled "Remote Internet Telephony Device."

**ANSWER:**

Cisco admits that United States Patent Nos. 7,016,481 and 7,139,371 (collectively "the patents in suit") on their faces each have the title "Remote Internet Telephony Device." Except as so admitted, Cisco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint, and on that basis denies each and every remaining allegation contained therein.

3.     Logitech International S.A. ("Logitech") is an alien corporation, a joint stock company incorporated under the laws of Switzerland, with its headquarters at Apples, Switzerland. Logitech has an office in the United States: Logitech International S.A. c/o Logitech, Inc., 6505 Kaiser Drive, Fremont, California. Logitech sells cordless VoIP phones, such as the Logitech Cordless Internet Handset. These phones are offered for sale throughout the United States, and in this District, via a website, http://www.logitech.com, and at retailers listed on the same website, including Wal-Mart and CDW.

**ANSWER:**

Cisco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and on that basis denies each and every allegation contained therein.

4.     Koninklijke Philips Electronics N.V. ("Philips") is an alien corporation organized under the laws of the Netherlands, with headquarters at Breitner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands. Philips sells cordless VoIP phones, such as the model 321 and 433 cordless internet phones. These products are offered for sale throughout the United States and in this District, at retailers such as Wal-Mart and over the internet from Amazon.com.

**ANSWER:**

Cisco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and on that basis denies each and every allegation contained therein.

5.     U.S. Robotics is a privately held company located at 935 National Parkway, Schaumburg, Illinois. U.S. Robotics sells cordless VoIP phones, such as the U.S. Robotics model USR 9630 Cordless Skype Dual Phone. These products are offered for sale throughout the United States and in this District via, for example, the U.S. Robotics website and at the Skype Store on Skype's website.

**ANSWER:**

Cisco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and on that basis denies each and every allegation contained therein.

6.  Cisco Systems, Inc. ("Cisco") is a California corporation, with its headquarters at 170 West Tasman Drive, San Jose, California. Linksys is a division of Cisco Systems, Inc., and is based in Irvine, California according to Cisco. Linksys sells cordless VoIP phones, such as the CIT300 and CIT310. These products are offered for sale throughout the United States and in this District, such as on the Dell website, and by Amazon.com.

**ANSWER:**

Cisco admits that it is a California corporation with a place of business at 170 West Tasman Drive, San Jose, California 95134 and that Cisco-Linksys, LLC ("Linksys") is a wholly owned subsidiary of Cisco headquartered in Irvine, California. Cisco also admits that Linksys has products with model numbers CIT300 and CIT310. Cisco also admits, on information and belief, that certain Linksys products are available for purchase on the Dell website and Amazon.com. Except as so admitted, Cisco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint, and on that basis denies each and every remaining allegation contained therein.

7.  Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:**

Cisco admits that venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(b).

8.  The defendants have infringed the '481 and '371 patents in connection with the manufacture, importation, sale, offer for sale, and use of internet telephony devices, including at least their VoIP telephones. Additional products may be identified in the course of discovery. At present, the asserted claim is claim 1 of each patent. Additional claims may be identified in the course of discovery. The defendants were given notice of the '481 patent and the published application for the '371 patent, and its claims have not substantially changed.

**ANSWER:**

Cisco denies the allegations of paragraph 8 of the Complaint.

9.  The infringement has injured Riparius, which is entitled to recover damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

**ANSWER:**

Cisco denies the allegations of paragraph 9 of the Complaint.

10.  On information and belief, the infringement has been willful and deliberate and has injured and will continue to injure Riparius unless and until this Court enters an injunction prohibiting further infringement of the '481 and '371 patents.

**ANSWER:**

Cisco denies the allegations of paragraph 10 of the Complaint.

Cisco denies that Plaintiff is entitled to be awarded against Cisco, its subsidiaries, affiliates, agents, servants, employees or any persons in active concert or participation with it, any of the relief sought in Plaintiff's prayer for relief. Cisco has not infringed, willfully or otherwise, either directly or indirectly, the patents in suit. Plaintiffs are not entitled to recover statutory damages, compensatory damages, an accounting, injunctive relief, costs, fees, interest, or any other type of recovery from Cisco.

## DEFENSES

Cisco asserts the following defenses and reserves the right to amend its answer as additional information becomes available:

### FIRST DEFENSE

11.  The Complaint fails to state a claim upon which relief can be granted because Cisco has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to the Plaintiff under the patents in suit.

**SECOND DEFENSE**

12.    Cisco does not infringe and has not infringed, either directly or indirectly, any claim of the patents in suit, either literally or under the doctrine of equivalents, nor willfully or otherwise.

**THIRD DEFENSE**

13.    By reason of the prior art and/or statements and representations made to and by the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the patents in suit, the patents in suit are so limited that none of their claims can be construed as covering any activity or product of Cisco.

**FOURTH DEFENSE**

14.    United States Patent No. 7,016,481 is invalid because it has not met one or more of the conditions for patentability set forth in Title 35 U.S.C. §§ 101 *et seq.*, including those of sections 102, 103, and 112.

**FIFTH DEFENSE**

15.    United States Patent No. 7,139,371 is invalid because it has not met one or more of the conditions for patentability set forth in Title 35 U.S.C. §§ 101 *et seq.*, including those of sections 102, 103, and 112.

**SIXTH DEFENSE**

16.    Plaintiff is barred by 35 U.S.C. § 287 from recovering any damages for any alleged infringement of the patents in suit that occurred prior to the filing of the complaint in this action.

**COUNTERCLAIM**

Cisco Systems, Inc. ("Cisco") alleges as follows for its counterclaim against Counterclaim-defendant Riparius Ventures LLC ( "Riparius").

**NATURE OF THE ACTION**

1.  The counterclaim cause of action is for a declaratory judgment of patent invalidity and patent non-infringement.

**THE PARTIES**

2.  Defendant/Counterclaimant Cisco is a corporation organized and existing under the laws of California, having a principal place of business at 170 West Tasman Drive, San Jose, California 95134.

3.  Upon information and belief, Plaintiff/Counterclaim-defendant Riparius is a Maryland limited liability company, with its principal place of business at 375 Padonia Road West, Suite 201, Timonium, Maryland 21093.

**JURISDICTION AND VENUE**

4.  This Court has subject-matter jurisdiction over Cisco's Counterclaim pursuant to 28 U.S.C. §§ 1367 and 1338(a), because Cisco's claim for declaratory relief is so related to the claims of patent infringement asserted by Riparius covering U.S. Patent Nos. 7,016,481 ("the '481 patent") and 7,139,371 ("the '371 patent") (collectively "the patents in suit"), and within the Court's original jurisdiction, that they form a part of the same case or controversy. Venue is proper in this district pursuant to 28 U.S.C. § 1391. In addition, venue is also proper in this district because the Court has supplemental jurisdiction over this counterclaim.

5.  Through its allegations of patent infringement against Cisco, Riparius has consented to personal jurisdiction in this Court.

**FIRST CAUSE OF ACTION**

**(Declaration of Invalidity)**

6.      Each claim of the patents in suit is invalid for failure to meet the requirements of the Patent Laws of the United States, including particularly 35 U.S.C. §§ 101 *et seq*.

7.      Based on Riparius's Complaint and allegations of patent infringement, an actual and justiciable controversy of sufficient immediacy exists between Cisco and Riparius concerning the invalidity of the patents in suit.  A judicial declaration of invalidity is necessary and appropriate to resolve this controversy.

**SECOND CAUSE OF ACTION**

**(Declaration of Non-Infringement)**

8.      Cisco is not infringing and has not infringed, directly or indirectly, any valid claim of the patents in suit.

9.      Based on Riparius's Complaint and allegations of patent infringement, an actual and justiciable controversy of sufficient immediacy exists between Cisco and Riparius concerning the non-infringement of the patents in suit by Cisco.  A judicial declaration of non-infringement is necessary to resolve this controversy.

**PRAYER FOR RELIEF**

Defendant/Counterclaimant Cisco, reserving its right to amend its pleading to add additional defenses, affirmative defenses, and counterclaims if warranted by discovery in this case, prays that this Court enter a judgment that:

1.      Cisco does not infringe, willfully or otherwise, induce infringement of, or contribute to the infringement of the patents in suit, nor has it ever done so;

2.      The patents in suit are invalid;

3.      The Complaint is dismissed with prejudice;

4. For costs of suit, including without limitation, expert consultant and witness fees;

5. That Riparius and each of their officers, employees, agents, alter egos, attorneys and any persons in active concert or participation with them be restrained from further prosecuting or instituting any action against Cisco claiming that the '481 patent is valid, enforceable, or infringed, or from representing that Cisco's products or services, or that the use thereof, infringes the '481 patent;

6. That Riparius and each of their officers, employees, agents, alter egos, attorneys and any persons in active concert or participation with them be restrained from further prosecuting or instituting any action against Cisco claiming that the '371 patent is valid, enforceable, or infringed, or from representing that Cisco's products or services, or that the use thereof, infringes the '371 patent; and

7. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Cisco hereby demands a trial by jury on all claims so triable.

Dated:   December 28, 2007                    Respectfully submitted,


                                              By:    /s/ Nicole E. Kopinski

                                              Richard F. O'Malley, Jr.
                                              Nicole E. Kopinski
                                              SIDLEY AUSTIN LLP
                                              One South Dearborn Street
                                              Chicago, Illinois  60603
                                              Telephone:  (312) 853-7000
                                              Facsimile:  (312) 853-7036
                                              romalley@sidley.com
                                              nkopinski@sidley.com

                                              OF COUNSEL:

                                              Jared Bobrow (*Pro Hac Vice Pending*)
                                              Douglas E. Lumish (*Pro Hac Vice Pending*)
                                              Joseph H. Lee (*Pro Hac Vice Pending*)
                                              WEIL, GOTSHAL & MANGES LLP
                                              Silicon Valley Office
                                              201 Redwood Shores Parkway
                                              Redwood Shores, California  94065
                                              Telephone: (650) 802-3000
                                              Facsimile:  (650) 802-3100
                                              jared.bobrow@weil.com
                                              doug.lumish@weil.com
                                              joseph.lee@weil.com

                                              ATTORNEYS FOR DEFENDANT
                                              CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I, Nicole E. Kopinski, an attorney, hereby certify that I caused a true and correct copy of the foregoing Answer to be served by ECF upon:

>Arthur Anthony Gasey (gasey@nshn.com)
>Joseph Nevi Hosteny, III (hosteny@nshn.com)
>NIRO, SCAVONE, HALLER & NIRO
>181 West Madison Street, Suite 4600
>Chicago, Illinois 60602
>(312) 236-0733 (telephone)
>Counsel for Plaintiff Riparius Ventures LLC
>
>Timothy C. Meece (tmeece@bannerwitcoff.com)
>Jason S. Shull (jshull@bannerwitcoff.com)
>BANNER & WITCOFF, LTD.
>10 South Wacker Drive, Suite 3000
>Chicago, Illinois 60606
>(312) 463-5000 (telephone)
>Counsel for Defendant Logitech International S.A.
>
>Shawn Patrick Gorman (sgorman@bannerwitcoff.com)
>Timothy C. Meece (tmeece@bannerwitcoff.com)
>Jason S. Shull (jshull@bannerwitcoff.com)
>BANNER & WITCOFF, LTD.
>10 South Wacker Drive, Suite 3000
>Chicago, Illinois 60606
>(312) 463-5000 (telephone)
>Counsel for Defendant U.S. Robotics

this 28th day of December, 2007.

>/s/ Nicole E. Kopinski
>Nicole E. Kopinski