




UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NUMBER |
|---|---|---|---|
| 09/734,163 | 12/11/2000 | David McElvaney | |

**CONFIRMATION NO. 4205**
**FORMALITIES LETTER**

Max Stul Oppenheimer
P. O. Box 50
Stevenson, MD 21153

*OC000000005715106*

Date Mailed: 01/29/2001

## NOTICE TO FILE MISSING PARTS OF NONPROVISIONAL APPLICATION

### FILED UNDER 37 CFR 1.53(b)

#### *Filing Date Granted*

An application number and filing date have been accorded to this application. The item(s) indicated below, however, are missing. Applicant is given TWO MONTHS from the date of this Notice within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

- The statutory basic filing fee is missing.
  *Applicant must submit $ 355 to complete the basic filing fee and/or file a small entity statement claiming such status (37 CFR 1.27).*
- To avoid abandonment, a late filing fee or oath or declaration surcharge as set forth in 37 CFR 1.16(e) of $65 for a small entity in compliance with 37 CFR 1.27, must be submitted with the missing items identified in this letter.


- **The balance due by applicant is $ 420.**

The application is informal since it does not comply with the regulations for the reason(s) indicated below. Applicant is given TWO MONTHS from the date of this Notice within which to correct the informalities indicated below.

The required item(s) identified below must be timely submitted to avoid abandonment:

- Substitute drawings in compliance with 37 CFR 1.84 because:

  - drawings contain excessive text. Suitable descriptive legends may be used, or may be required by the Examiner where necessary for understanding of the drawing but should contain as few words as possible ( see 37 CFR 1.84(o));

USR000080

*A copy of this notice __MUST__ be returned with the reply.*

Customer Service Center
Initial Patent Examination Division (703) 308-1202

PART 3 - OFFICE COPY

USR000081

ECTOR   #3

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of: DAVID McELVANEY
For:   REMOTE INTERNET TELEPHONY DEVICE
Filed: December 11, 2000

Serial No.: 09/734,163    Art Unit:    Examiner:

## TRANSMITTAL LETTER

February 3, 2001

Honorable Commissioner of Patents and Trademarks
Patent and Trademark Office
Washington, D.C. 20231

Sir:

Transmitted for filing in the above-referenced case are:

> **Response to Notice to File Missing Parts**
> **Response to Informalities Letter**
> **Certificate of Mailing**
> **Return Postcard**

Respectfully submitted,

Max Stull Oppenheimer
Reg. No. 33,203
P. O. Box 50
Stevenson, MD  21153
(410) 706-1793

### CERTIFICATE OF MAILING

I hereby certify that the above listed attached paper(s) or fee are being deposited with the U.S.
Postal Service with sufficient first class postage on the date indicated above, addressed to the
Commissioner of Patents and Trademarks, Washington, D. C. 20231.

USR000082



FEB 0 6 2001

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of: DAVID McELVANEY
For:   REMOTE INTERNET TELEPHONY DEVICE
Filed: December 11, 2000

TRANSMITTAL LETTER

December 11, 2000

Honorable Commissioner of Patents and Trademarks
Patent and Trademark Office
Washington, D.C. 20231

Sir:

Transmitted for filing in the above-referenced case are:

    **Non-Provisional Patent Application**
    **Drawings**
    **Abstract**
    **Declaration and Power of Attorney**
    **Small Entity Declaration**
    **Authorization to Charge Deposit Account (2)**
    **Certificate of Mailing by Express Mail**
    **Return Postcard**

Respectfully submitted,

Max Stul Oppenheimer
Reg. No. 33,203
P. O. Box 50
Stevenson, MD   21153
(410) 706-1793

**Express Mailing Certification**
I HEREBY CERTIFY that on the date indicated above, the above-listed documents to be filed in the
above captioned application are being mailed by EXPRESS MAIL, No. EI706903762US, postage prepaid
to the Commissioner of Patents and Trademarks, Washington DC 20231.

EI706903762US

USR000083



# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of: McELVANEY
For:   REMOTE INTERNET TELEPHONY DEVICE
Filed: December 11, 2000

    **Serial No.: 09/734,163**    **Art Unit:**    **Examiner:**

```
        RESPONSE TO NOTICE TO FILE MISSING PARTS AND REQUEST FOR
                       CORRECTED FILING RECEIPT
```

February 3, 2001

Honorable Commissioner of Patents and Trademarks
Patent and Trademark Office
Washington, D.C. 20231

Sir:

The attached Notice to File Missing Parts of Nonprovisional
Application, mailed 1/29/01, indicates that the statutory basic
filing fee is missing.

Enclosed herewith is a copy of the Authorization to Charge
Deposit Account and a Small Entity Declaration, filed with the
application on December 11, 2000, a copy of the transmittal
letter indicating that the Authorization and Declaration were
enclosed, and the postcard receipt from the PTO indicating
receipt of the Authorization and Declaration.

Accordingly, Applicant respectfully requests that the Notice be
withdrawn and a revised Filing Receipt be issued.

Should there be any questions, I can be reached at 410-494-4237.


Respectfully submitted,

Max Stul Oppenheimer
Reg. No. 33,203
P. O. Box 50
Stevenson, MD  21153

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of: DAVID McELVANEY
For:    REMOTE INTERNET TELEPHONY DEVICE
Filed: December 11, 2000

Serial No.: 09/734,163          Art Unit:              Examiner:

## RESPONSE TO INFORMALITIES LETTER

In response to Formalities Letter dated 1/29/01, Applicant
requests reconsideration and clarification.

Having reviewed the drawings filed, Applicant believes they
comply with the applicable rules, and requests either
clarification of which figures are deemed informal and why, or
withdrawal of the Formalities Letter (subject, of course, to the
right of the Examiner or the Drawings Branch to require
modifications during prosecution).

Respectfully submitted,

Max Stul Oppenheimer
Reg. No. 33,203
P. O. Box 50
Stevenson, MD  21153
(410) 706-1793

 

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of: DAVID McELVANEY
For:   REMOTE INTERNET TELEPHONY DEVICE
Filed: December 11, 2000


AUTHORIZATION TO CHARGE DEPOSIT ACCOUNT

December 11, 2000

Honorable Commissioner of Patents and Trademarks
Patent and Trademark Office
Washington, D.C. 20231

Sir:

Transmitted herewith are:

**Non-Provisional Patent Application and related documents**
**Small entity claim**


The Commissioner is authorized to charge any additional fees or
credit any overpayment to our Deposit Account No. 15-0620.

A duplicate copy of this Authorization is enclosed.

Respectfully submitted,


Max Stul Oppenheimer
Reg. No. 33,203
P. O. Box 50
Stevenson, MD  21153
(410) 706-1793

USR000086

*OIPE JC38*
FEB 0 6 2001

rcd 2/3/01



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NUMBER |
|---|---|---|---|
| 09/734,163 | 12/11/2000 | David McElvaney | |

CONFIRMATION NO. 4205
**FORMALITIES LETTER**

Max Stul Oppenheimer
P. O. Box 50
Stevenson, MD 21153

*OC00000000571510S*

Date Mailed: 01/29/2001

## NOTICE TO FILE MISSING PARTS OF NONPROVISIONAL APPLICATION

### FILED UNDER 37 CFR 1.53(b)

#### *Filing Date Granted*

An application number and filing date have been accorded to this application. The item(s) indicated below, however, are missing. Applicant is given TWO MONTHS from the date of this Notice within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

- The statutory basic filing fee is missing.
  *Applicant must submit $ 355 to complete the basic filing fee and/or file a small entity statement claiming such status (37 CFR 1.27).*
- To avoid abandonment, a late filing fee or oath or declaration surcharge as set forth in 37 CFR 1.16(e) of $65 for a small entity in compliance with 37 CFR 1.27, must be submitted with the missing items identified in this letter.

- **The balance due by applicant is $ 420.**

The application is informal since it does not comply with the regulations for the reason(s) indicated below. Applicant is given TWO MONTHS from the date of this Notice within which to correct the informalities indicated below.

The required item(s) identified below must be timely submitted to avoid abandonment:

- Substitute drawings in compliance with 37 CFR 1.84 because:

  - drawings contain excessive text. Suitable descriptive legends may be used, or may be required by the Examiner where necessary for understanding of the drawing but should contain as few words as possible ( see 37 CFR 1.84(o));

**RECEIVED IN APPLICATION**
**Attorney Docket: RIPVEN200001**

Rec'd 12/26/00

      Transmittal letter

      Authorization to charge dep account (2)
      Non-Provisional Patent Application
      Abstract
      Drawings
      Declaration and Power of Attorney
      Small Entity Declaration

Filed: December 11, 2000







 UNITED STATES PATENT AND TRADEMARK OFFICE



UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/734,163 | 12/11/2000 | David McElvaney | | 4205 |

7590        05/07/2004

Max Stul Oppenheimer
P. O. Box 50
Stevenson, MD  21153

| EXAMINER |
|---|
| HOOSAIN, ALLAN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2645 | 4 |

DATE MAILED: 05/07/2004

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO 90C (Rev 10/03)

USR000089

| **Office Action Summary** | Application No. | Applicant(s) |
| | 09/734,163 | MCELVANEY, DAVID |
| | Examiner | Art Unit |
| | Allan Hoosain | 2645 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE _3_ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on _11 December 2000_.
2a) ☐ This action is **FINAL**.    2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4) ☒ Claim(s) _1-15_ is/are pending in the application.
    4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) _1,4,5 and 15_ is/are rejected.
7) ☒ Claim(s) _2,3 and 6-14_ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9) ☐ The specification is objected to by the Examiner.
10) ☒ The drawing(s) filed on _11 December 2000_ is/are: a)☒ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All  b)☐ Some * c)☐ None of:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

## Attachment(s)

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08)
    Paper No(s)/Mail Date _____.

4) ☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____.

USR000090

Application/Control Number: 09/734,163                                        Page 2
Art Unit: 2645

## DETAILED ACTION

### *Allowable Subject Matter*

1.     Claims 2-3,6-14 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

### *Claim Rejections - 35 USC § 112*

2.     The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

3.     Claims 4-5 recite the limitation "the ring and status signal" in line 2 respectively.  There is insufficient antecedent basis for this limitation in the claims.

### *Claim Rejections - 35 USC § 103*

4. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the manner in which the invention was made.

5. Claims 1,4-5,15 are rejected under 35 U.S.C. 103(a) as being unpatentable over **Peterson et al**. (US 6,728,546) in view of **Couse** (US 6,006,088).

USR000091

Application/Control Number: 09/734,163                                          Page 3
Art Unit: 2645

As to Claim 1, with respect to Figures 1-6, **Peterson** teaches a remote cordless internet telephony
device comprising:

a remote cordless telephone comprising a remote cordless telephone handset, 30, and an
internal or external cordless telephone base unit, 22, (Figure 3 and Figure 2 and Col. 7, lines 19-
22, Col. 9, line 67 through Col. 10, line 2);

said remote cordless telephone handset comprising a microphone, a speaker, a dialpad, a
handset rf transceiver for communication with a base unit transceiver (Figure 3),

circuitry for translating audio information input to said microphone to an rf signal as an
input to said handset rf transceiver (Col. 21, lines 5-9),

circuitry for translating input from said handset rf transmitter means to an electrical signal
as an input to said speaker (Col. 21, lines 5-9), and

circuitry for translating a keypress on said dialpad into signals as an input to said handset rf
transmitter (Col. 22, lines 51-65);

said cordless telephone base unit connected to a computer, 20, comprising a base unit rf
transceiver, 16, for communication with said handset rf transceiver (Figure 1A and Figure 2),

means for determining whether said communication represents user selections or audio
information (Col. 7, lines 55-50, 58-61 and Col. 22, lines 51-53),

circuitry for translating communications from said handset rf transceiver into digital form
for transmission to a computer (Col. 8, lines 10-18),

Application/Control Number: 09/734,163                                          Page 4
Art Unit: 2645

circuitry for receiving digital data from said computer and translating said digital data to a

form suitable for transmission to said base unit rf transceiver (Col. 8, lines 3-8), and

means for transmitting signals between said base unit rf transceiver and said computer

(Col. 7, lines 28-67);


a computer having a connection to a digital telephony network and a connection to said

cordless telephone base unit (Col. 7, lines 64-67),

said computer executing software programmed to


accept data from said cordless telephone base unit (Col. 7, lines 58-64),

transmit audio information input from said cordless telephone base unit to said

digital telephony network (Col. 7, lines 64-67),

receive audio information input from said digital telephony network, convert it to a

form suitable for said cordless telephone base unit and transmit it to said cordless telephone base

unit (Col. 8, lines 1-8);


whereby one user may carry on a voice conversation with a second user over said digital

telephony network (Col. 8, lines 20-23,43-45);

**Peterson** does not teach the following limitations:

"remote cordless base unit" and "DTMF tones"

However, it is obvious that **Peterson** suggests DTMF tones and remote cordless base units.

This is because **Peterson** teaches external base units and conventional keypad capability on the

USR000093

cordless handset used for entering telephone numbers (Col. 18-22 and Col. 22, lines 51-56).

**Couse** teaches a remote cordless base unit integrated externally with a computer and with DTMF

capabilities (Col. 3, lines 21-28, Figure 1, label 5 and Figure 2, label 25). Having the cited art at

the time the invention was made, it would have been obvious to one of ordinary skill in the art to

add remote base units and DTMF capabilities for converting keypad signals into DTMF tones

using a remote base unit as taught by **Couse's** invention in order to provide communication

using conventional telephone signaling.


As to Claims 4-5, **Peterson** teaches a device as claimed in Claim 1 wherein said connection

between said computer and said remote cordless base unit comprises a computer sound card;

      **Peterson** does not teach the following limitation:

          "an RS232 for the ring and status signal"

      However, it is obvious that **Peterson** suggests an RS232 capability. This is because

**Peterson** teaches external base units and I/O for receiving the external base unit connection (Col.

9, line 67 through Col. 10, line 3). **Couse** teaches a remote cordless base unit integrated

externally with a computer using RS232 (Col. 2, lines 11-20). Having the cited art at the time

the invention was made, it would have been obvious to one of ordinary skill in the art to add

remote RS232 capability for integrating computers with remote base units as taught by **Couse's**

invention in order to provide communication using a suitable connection.


As to Claim 15, **Peterson** teaches a device as in Claim 1 further comprising:

      **Peterson** does not teach the following limitations:

Application/Control Number: 09/734,163                                   Page 6
Art Unit: 2645

       "the functions of voicemail navigation, or selections from a telephone system auto-attendant"

       **Couse** teaches voicemail and auto attendant capabilities (Col. 2, lines 1-7, 20-24,31-35). Having the cited art at the time the invention was made, it would have been obvious to one of ordinary skill in the art to add voicemail or auto attendant capability to **Peterson's** invention for adding user control while in the home as taught by **Couse's** invention in order to allow users to build on investments already made.

### *Conclusion*

6. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

**Chen** (US 6,438,384) teaches cordless phones with base units which can communicate over the Internet.

7. Any response to this action should be mailed to:

               Commissioner of Patents and Trademarks
               Washington, D.C. 20231
               **or faxed to:**

               (703) 872-9314, (for formal communications intended for entry)

       **Or:**

               (703) 306-0377 (for customer service assistance)

               Hand-delivered responses should be brought to Crystal Park II,  2121 Crystal Drive,
               Arlington. VA., Sixth Floor  (Receptionist).

       Any inquiry concerning this communication or earlier communications from the examiner should be directed to **Allan Hoosain** whose telephone number is (703) 305-4012.  The examiner can normally be reached on Monday to Friday from 8 am to 4:30 pm.

USR000095

Application/Control Number: 09/734,163                                   Page 7
Art Unit: 2645

     If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, **Fan Tsang**, can be reached on (703) 305-4895.

     Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703) 305-3900.

**Allan Hoosain**
**Primary Examiner**
**5/3/04**

USR000096

| *Notice of References Cited* | Application/Control No.<br>09/734,163 | Applicant(s)/Patent Under Reexamination<br>MCELVANEY, DAVID | |
|---|---|---|---|
| | Examiner<br>Allan Hoosain | Art Unit<br>2645 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-6,438,384 | 08-2002 | Chen, Wu-Yueh | 455/462 |
| | B | US-6,006,088 | 12-1999 | Couse, Peter | 455/415 |
| | C | US-6,728,546 | 04-2004 | Peterson et al. | 455/462 |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    Notice of References Cited                    Part of Paper No. 4

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of: DAVID McELVANEY
For:    REMOTE INTERNET TELEPHONY DEVICE
Filed: December 11, 2000
        Serial No.: 09/734,163    Art Unit: 2645    Examiner: HOOSAIN, Allan

TRANSMITTAL LETTER

August 26, 2004

Honorable Commissioner of Patents and Trademarks
Patent and Trademark Office
Washington, D.C. 20231

Sir:

Transmitted for filing in the above-referenced case are:

    Response to First Office Action
    Petition for 1 month Extension of Time
    Authorization to Charge Deposit Account
    Certificate of Mailing
    Return Postcard

Respectfully submitted,

Max Stul Oppenheimer
Reg. No. 33,203
P. O. Box 50
Stevenson, MD  21153
(410) 837-5127

CERTIFICATE OF MAILING
I hereby certify that the above listed attached paper(s) or fee are being deposited with the U.S.
Postal Service with sufficient first class postage on the date indicated above, addressed to the
Commissioner of Patents and Trademarks, Washington, D. C. 20231.

USR000098

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of: McELVANEY
For:   REMOTE INTERNET TELEPHONY DEVICE
Filed:  December 11, 2000
**Serial No.: 09/734,163   Art Unit: 2645   Examiner: HOOSAIN, Allan**

## RESPONSE TO FIRST OFFICE ACTION

Honorable Commissioner of Patents and Trademarks
Patent and Trademark Office
Washington, D.C. 20231

Sir:

In response to action dated May 7, 2004, please amend the above-referenced application as follows:

Please amend Claim 1 to incorporate the limitations of claim 9 (which the Examiner has indicated would be allowable).  With this additional limitation, Claims 4, 5 and 15, which depend from Claim 1, should also be allowable without amendment.

Please amend Claims 4 and 5 by changing "the ring and status signal" to "ring and status signals".

Please cancel Claim 9 without prejudice.

Please add new claims 16 and 17 as follows:

16.  A device as in Claim 1 wherein said connection between said computer and said remote cordless telephone base unit comprises a USB port.

17.  A device as in Claim 1 wherein said connection between said computer and said remote cordless telephone base unit comprises a serial port.

Comments

Attached hereto is a listing of all claims, indicating status and changes from the prior version.

Claim 1 has been amended to incorporate the limitations of Claim 9.  As the Examiner has indicated that Claim 9 would be allowable if rewritten in independent form including all of the limitations of the base claim, Claim 1 should now be allowable.  If Claim 1 is allowable, then all remaining claims (which are dependent upon Claim 1 or an intervening claim) should also be allowable.

Grammatical changes have been made to Claims 4 and 5 (changing "the ring and status signal" to "ring and status signals") which

USR000099

Applicant believes renders the antecedent basis objection to these claims moot.

Claim 9 is cancelled, without prejudice, as it would be duplicative if the amended Claim 1 is allowed.

Two new claims are presented.  The limitations presented in the new claims are found in the originally filed specification at, for example, page 7 lines 6 and 7 with respect to the USB port and page 6 (last line) through page 7 line 3 and Figure 3 with respect to the serial port.

Favorable action is solicited.  Should there be issues which could be resolved by a telephone conference, Applicant requests that the Examiner contact the undersigned.

Respectfully submitted,

Max Stul Oppenheimer
Reg. No. 33,203
P. O. Box 50
Stevenson, MD   21153
410-837-5127

USR000100

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of: McELVANEY
For:    REMOTE INTERNET TELEPHONY DEVICE
Filed:  December 11, 2000
Serial No.: 09/734,163   Art Unit: 2645   Examiner: HOOSAIN,
Allan

Amendment to the Claims

1. (currently amended) A remote cordless internet telephony
device comprising:

a remote cordless telephone comprising a remote cordless
telephone handset and a remote cordless telephone base unit;

said remote cordless telephone handset comprising a
microphone, a speaker, a dialpad, a handset rf
transceiver for communication with a base unit
transceiver, circuitry for translating audio
information input to said microphone to an rf signal as
an input to said handset rf transceiver, circuitry for
translating input from said handset rf transmitter
means to an electrical signal as an input to said
speaker, and circuitry for translating a keypress on
said dialpad into a DTMF tone as an input to said
handset rf transmitter;

said remote cordless telephone base unit connected to a
computer, comprising a base unit rf transceiver for
communication with said handset rf transceiver, means
for determining whether said communication represents a

USR000101

DTMF signal or audio information, circuitry for translating communications from said handset rf transceiver into digital form for transmission to a computer, circuitry for receiving digital data from said computer and translating said digital data to a form suitable for transmission to said base unit rf transceiver, and means for transmitting signals between said base unit rf transceiver and said computer;

and a computer having a connection to a digital
10   telephony network and a connection to said remote cordless telephone base unit, said computer executing software programmed to

accept data from said remote cordless telephone base unit,
transmit audio information input from said remote cordless telephone base unit to said digital telephony network,
receive audio information input from said digital telephony network, convert it to a form suitable
20   for said remote cordless telephone base unit and transmit it to said cordless telephone unit;

wherein said software is compatible with telephony software utilized by Internet telephony providers so as to allow emulation of a cordless POTS telephone call

USR000102

over the Internet

whereby one user may carry on a voice conversation with
a second user over said digital telephony network.

2.  (previously presented) A device as in claim 1 having an
effective range between said remote cordless handset and said
remote cordless telephone base of more than twelve feet.

3.  (previously presented) A device as in claim 1 having an
effective range between said remote cordless handset and said
remote cordless telephone base of more than 400 feet.

10    4.  (previously presented) A device as in Claim 1 wherein said
connection between said computer and said remote cordless
telephone base unit comprises an RS232 for [the] ring and status
signals and a computer sound card.

5.  (previously presented) A device as in Claim 1 wherein said
connection between said computer and said remote cordless
telephone base unit comprises a Universal Serial Bus for [the]
ring and status signals and a computer sound card.

6.  (previously presented) A device as in Claim 1 wherein said
software is programmed to detect the presence of the remote
20    cordless telephone on any port, providing ready status where
"ready" is defined as either (1) on hook in base or (2) out of

USR000103

base, not in use with radios and security codes synchronized.

7. (previously presented) A device as in Claim 1 wherein said remote cordless base unit comprises circuits separated into isolated millivolt level audio transmit and receive.

8. (previously presented) A device as in Claim 1 wherein ringing information operates at 3vdc, and on a separate communication line from the audio signal.

9. (cancelled)

10. (previously presented) A device as in Claim 9 wherein said telephony software is based on Dialpad (TM) technology.

11. (previously presented) A device as in Claim 9 wherein said telephony software is based on Microsoft Netmeeting (TM) technology.

12. (previously presented) A device as in Claim 9 wherein said telephony software is based on ITXC Webtalk Now (TM) technology.

13. (previously presented) A device as in Claim 9 wherein said telephony software is based on Avaya Softphone (TM) technology.

14. (previously presented) A device as in Claim 9 wherein said telephony software is based on Net-2-Phone (TM) technology.

USR000104

15. (previously presented) A device as in Claim 1 further comprising the functions of voicemail navigation, or selections from a telephone system auto-attendant.

16. (new)  A device as in Claim 1 wherein said connection between said computer and said remote cordless telephone base unit comprises a USB port.

17.  (new) A device as in Claim 1 wherein said connection between said computer and said remote cordless telephone base unit comprises a serial port.

USR000105

12/06/2004  09:59   410-837-4492           UNIV OF BALTIMORE            PAGE  01

Max Stul Oppenheimer, PC
P. O. Box 50
Stevenson, MD 21153

RECEIVED
CENTRAL FAX CENTER
DEC 0 6 2004

## CONFIDENTIAL

FAX TO:   **EXAMINER HOOSAIN** / ART UNIT 2645
    AT:   USPTO
FAX NO:   703-872-9306
  DATE:   December 6, 2004

  FROM:   Max Oppenheimer

[2] Pages including this cover sheet

If you have received this transmission in error
please notify us immediately by telephone at 410-706-1791. Thank you.

The information contained in this transmission is confidential and is intended only for the use of the
addressee. Any dissemination, distribution, copying or other use of the information contained in this
transmission, except by or by permission of the addressee, is strictly prohibited.

**US APPLICATION 08/734,857**
**Inventor:  McElvaney**
**Title:   Internet Telephony Device**

and

**US APPLICATION 09/734,163**
**Inventor:  McElvaney**
**Title:   Remote Internet Telephony Device**

**NOT FOR FILING**

USR000106

Max Stul Oppenheimer, PC
P. O. Box 50
Stevenson, MD 21153

RECEIVED
CENTRAL FAX CENTER

DEC 0 6 2004

December 6, 2004

BY FAX TO Examiner Allan Hoosain
703-872-9306

Dear Examiner Hoosain,

This is a follow-up to the phone messages we have been
exchanging.

I would appreciate it if you would check the status of the
following two applications.

In 08/734,857, you had allowed the application and the issue fee
was paid.  The PTO website indicates that the payment was
received, but has not been matched with the application yet.  I
would appreciate it if you could advise me if anything further
needs to be done.

In 09/734,163, I have not received a response to the amendment
dated August 26, 2004, which I think should have placed the
application in condition for allowance (if I understood the
rejections).  I also have not received a postcard receipt.
Again, I would appreciate it if you could let me know where this
application stands.  If the amendment did not resolve your
concerns, and you think a telephone conversation might do so,
please feel free to call me at 410-837-5127, or contact me by
email at oppenhei@alumni.princeton.edu.

Thank you for your assistance.

Sincerely,

Max Oppenheimer

USR000107

RECEIVED
CENTRAL FAX CENTER

MAY 1 9 2005

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of: McElvaney
Serial No.:  09/734,163              Art Unit: 2645
Filing Date: 12/11/2000             Examiner: Hoosain, Allan
For: Remote Internet Telephony Device
**Attorney Docket: RIPVEN200001**

May 19, 2005

By Facsimile to Commissioner of Patents and Trademarks
                703-872-9306
From: Max Stul Oppenheimer (voice 410-837-5127)

Transmitted for filing in the above-referenced matter are
_2_ pages including this transmittal sheet, consisting of:

        Status Inquiry
        Certificate of transmission

        Max Stul Oppenheimer
        Reg. No. 33,203
        P. O. Box 50
        Stevenson, MD  21153
        (410) 837-5127

        CERTIFICATE OF TRANSMITTAL BY FACSIMILE
Date of Transmission:  May 19, 2005
Facsimile Number: 703-872-9306

I hereby certify that the above attached paper is being transmitted by
facsimile to the Commissioner for Patents, PO Box 1450, Alexandria, VA 22313-
1450, at the above number in accordance with Rule 1.6(d) on the date
indicated above.

USR000108

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of: McElvaney
Serial No.:  09/734,163              Art Unit: 2645
Filing Date: 12/11/2000              Examiner: Hoosain, Allan
For: Remote Internet Telephony Device
**Attorney Docket: RIPVEN200001**

STATUS INQUIRY

May 19, 2005

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

Sir:

Applicant hereby formally requests the status of the above-
identified application, as provided for by MPEP 203.08.

The last action which Applicant has received was mailed May 7,
2004.  Applicant responded on August 26, 2004 and believes the
response should have placed the application in condition for
allowance.  Applicant did not receive a postcard receipt for the
August 26 response, and has made several calls to the examiner to
determine the status of the application.  The PAIR system
reports, as of the date of this filing, that the status is "non-
final action mailed".

Applicant therefore respectfully requests that it be notified of
the status of the application.

Respectfully submitted,

Max Seul Oppenheimer
Reg. No. 33,203
P. O. Box 50
Stevenson, MD  21153
(410) 837-5127

USR000109



 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| 7590 | 09/26/2005 |
|------|-----------|

Max Stul Oppenheimer
P. O. Box 50
Stevenson, MD 21153

| EXAMINER |
|----------|
| HOOSAIN, ALLAN |

| ART UNIT | PAPER NUMBER |
|----------|--------------|
| 2645 | |

DATE MAILED: 09/26/2005

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|-----------------|-------------|----------------------|---------------------|------------------|
| 09/734,163 | 12/11/2000 | David McElvaney | | 4205 |

TITLE OF INVENTION: REMOTE INTERNET TELEPHONY DEVICE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|-------------|--------------|-----------|-----------------|------------------|----------|
| nonprovisional | YES | $700 | $300 | $1000 | 12/27/2005 |

THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE REFLECTS A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION. THE PTOL-85B (OR AN EQUIVALENT) MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL BE REGARDED AS ABANDONED.

HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status above is to be removed, check box 5b on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check box 5a on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and 1/2 the ISSUE FEE shown above.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.

Page 1 of 3

PTOL-85 (Rev. 07/05) Approved for use through 04/30/2007.

USR000110

## PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>  Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

or <u>Fax</u>  (571) 273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

7590        09/26/2005

Max Stul Oppenheimer
P. O. Box 50
Stevenson, MD 21153

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/734,163 | 12/11/2000 | David McElvaney | | 4205 |

TITLE OF INVENTION: REMOTE INTERNET TELEPHONY DEVICE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | YES | $700 | $300 | $1000 | 12/27/2005 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| HOOSAIN, ALLAN | 2645 | 379-067100 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list

(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE          (B) RESIDENCE: (CITY and STATE or COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual  ☐ Corporation or other private group entity  ☐ Government

4a. The following fee(s) are enclosed:

☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s):

☐ A check in the amount of the fee(s) is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized to charge the required fee(s), or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)

☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.   ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

The Director of the USPTO is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.
NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____          Date _____

Typed or printed name _____          Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85  (Rev. 07/05) Approved for use through 04/30/2007.        OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

USR000111

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/734,163 | 12/11/2000 | David McElvaney | | 4205 |

7590    09/26/2005

Max Stul Oppenheimer
P. O. Box 50
Stevenson, MD 21153

| EXAMINER |
|---|
| HOOSAIN, ALLAN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2645 | |

DATE MAILED: 09/26/2005

**Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)**
(application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 1071 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 1071 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571) 272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (703) 305-8283.

Page 3 of 3

PTOL-85 (Rev. 07/05) Approved for use through 04/30/2007.

USR000112

| | Application No. | Applicant(s) | |
|---|---|---|---|
| *Notice of Allowability* | 09/734,163 | MCELVANEY, DAVID | |
| | Examiner | Art Unit | |
| | Allan Hoosain | 2645 | |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--**

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *8/26/04 Transmittal Letter (see Interview Summary)*.

2. ☒ The allowed claim(s) is/are *1-8 and 10-17*.

3. ☒ The drawings filed on *11 December 2000* are accepted by the Examiner.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All   b) ☐ Some*   c) ☐ None   of the:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

6. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached

        1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____ .

    (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

7. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☒ Notice of References Cited (PTO-892)
2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3. ☐ Information Disclosure Statements (PTO-1449 or PTO/SB/08), Paper No./Mail Date _____
4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

5. ☐ Notice of Informal Patent Application (PTO-152)
6. ☒ Interview Summary (PTO-413), Paper No./Mail Date *9/19/05* .
7. ☒ Examiner's Amendment/Comment
8. ☒ Examiner's Statement of Reasons for Allowance
9. ☐ Other _____ .

*Allan Hoosain*
**ALLAN HOOSAIN**
**PRIMARY EXAMINER**

U.S. Patent and Trademark Office
PTOL-37 (Rev. 1-04)            Notice of Allowability            Part of Paper No./Mail Date 20050728

USR000113

**Continuation Sheet (PTOL-37)**                                                                    Application No.

Reasons for Allowance:

The independent claim recites communication over the Internet using cordless telephones and a limitation for the following:

"wherein said software is compatible with telephonyt software utilized by Internet telephony providers so as to allow emulation of a cordless POTS telephone call over the Internet"

The prior art of record teaches communication over the Internet but not using cordless phones as recited in the limitation. New search updates revealed no other prior art which teaches the limitation in the context of the claims. Therefore, Claims 1-8,10-17 are indicated allowable.

2

USR000114

Application/Control Number: 09/734,163                                 Page 2
Art Unit: 2645

## EXAMINER'S AMENDMENT

1.      An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

     Authorization for this examiner's amendment was given in a telephone interview with Attorney **Max Stul Oppenheimer**, Registration No. 33,203 on 7/28/05.

     The application has been amended as follows:

2.  Cancel claim 9

3.  Claim 1

    After line 40, add the following:


    '—wherein said software is compatible with telephony software utilized by Internet telephony providers so as to allow emulation of a cordless POTS telephone call over the Internet;--'


4.  Claim 4

    Line 2, after '—status—' change '—signal—' to '—signals'


5.  Claim 5

USR000115

Application/Control Number: 09/734,163                                           Page 3
Art Unit: 2645

Line 3, before '—and a computer—' change '—signal—' to '—signals'

6. Claims 10-14

Line 1, Change '—Claim 9—' to '—Claim 1—'

7. Add the following new claims:

16. A device as in Claim 1 wherein said connection between said computer and said remote cordless telephone base unit comprises a USB port.

17. A device as in Claim 1 wherein said connection between said computer and said remote cordless telephone base unit comprises a serial port.

8. The following is an examiner's statement of reasons for allowance:

Independent Claim 1 recites a remote cordless internet telephony device which communicates over the Internet using software and a limitation for the following:

"wherein said software is compatible with telephony software utilized by Internet telephony providers so as to allow emulation of a cordless POTS telephone call over the Internet"

The prior art suggests communicating over the Internet using cordless telephones. The prior art is different because it does not teach software which emulates cordless POTS telephone calls as recited in the limitation. New search updates revealed no other prior art which teaches

USR000116

Application/Control Number: 09/734,163                                   Page 4
Art Unit: 2645

the limitation in the context of the claims. Therefore, claims 1-8 and 10-17 are indicated

allowable.

Any comments considered necessary by applicant must be submitted no later than the

payment of the issue fee and, to avoid processing delays, should preferably accompany the issue

fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for

Allowance."

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to **Allan Hoosain** whose telephone number is (571) 272-7543. The

examiner can normally be reached on Monday-Friday-7am to 5:30pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, **Fan Tsang** can be reached on (571) 272-7547. The fax phone number for the

organization where this application or proceeding is assigned is (571) 273-8300.

Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system. Status information for published applications

may be obtained from either Private PAIR or Public PAIR. Status information for unpublished

applications is available through Private PAIR only. For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

Allan Hoosain
Primary Examiner
Art Unit 2645

| *Notice of References Cited* | | Application/Control No. 09/734,163 | | Applicant(s)/Patent Under Reexamination MCELVANEY, DAVID | |
|---|---|---|---|---|---|
| | | Examiner Allan Hoosain | | Art Unit 2645 | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-6,826,174 | 11-2004 | Erekson et al. | 370/352 |
| | B | US-6,731,751 | 05-2004 | Papadopoulos, Costas | 379/399.01 |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    Notice of References Cited                    Part of Paper No. 20050728

USR000118

| *Interview Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/734,163 | MCELVANEY, DAVID |
| | Examiner | Art Unit | |
| | Allan Hoosain | 2645 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) <u>Allan Hoosain (PTO Personnel)</u>.           (3)_____.

(2) <u>Max Stul Oppenheimer (Applicant's Representative)</u>.     (4)_____.

Date of Interview: <u>28 July 2005</u>.

Type:  a)☒ Telephonic  b)☐  Video Conference
       c)☐ Personal [copy given to: 1)☐ applicant  2)☐ applicant's representative]

Exhibit shown or demonstration conducted:  d)☐ Yes   e)☒ No.
   If Yes, brief description: <u>Transmittal Letter dated 8/26/04; Response to First Office Action; Amendment to the Claims</u>.

Claim(s) discussed: <u>1</u>.

Identification of prior art discussed: <u>Peterson, Couse</u>:

Agreement with respect to the claims f)☒ was reached.  g)☐ was not reached.  h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: <u>Examiner discussed the apparent abandonment of the application for non-responsiveness.  Applicant's representative indicated that the claims were amended in a response dated 8/26/04 and shown in the Exhibit.  Examiner indicated that the amendment would overcome the prior art of record and the claims would be allowed</u>.

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached.  Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a reply to the last office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

Examiner Note:  You must sign this form unless it is an Attachment to a signed Office action.

Examiner's signature, if required

USR000119

## Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews
Paragraph (b)
In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2 Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

———

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
    (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

2

USR000120

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|
| | 09/734,163 | MCELVANEY, DAVID |
| | Examiner | Art Unit |
| | Allan Hoosain | 2645 |

## ISSUE CLASSIFICATION

| ORIGINAL | | CLASS | CROSS REFERENCE(S) | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS | | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | | | |
| 379 | 88.17 | 379 | 67.1 | 76 | 72 | 88.11 | 88.12 | 88.18 | 265.01 | |

| INTERNATIONAL CLASSIFICATION | | | | |
|---|---|---|---|---|
| H | 0 | 4 | M | 1/64 |
| H | 0 | 4 | M | 3/00 |
| | | | | / |
| | | | | / |
| | | | | / |

| 379 | 265.09 |
|---|---|

----
(Assistant Examiner)    (Date)

*Allan Hoosain*
Allan Hoosain, 9/19/05

(Legal Instruments Examiner)    (Date)

(Primary Examiner)    (Date)

**Total Claims Allowed: 16**

| O.G. Print Claim(s) | O.G. Print Fig. |
|---|---|
| 1 | 1 |

☐ Claims renumbered in the same order as presented by applicant    ☐ CPA    ☐ T.D.    ☐ R.1.47

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | | 31 | | 61 | | 91 | | 121 | | 151 | | 181 |
| 2 | 2 | | 32 | | 62 | | 92 | | 122 | | 152 | | 182 |
| 3 | 3 | | 33 | | 63 | | 93 | | 123 | | 153 | | 183 |
| 4 | 4 | | 34 | | 64 | | 94 | | 124 | | 154 | | 184 |
| 5 | 5 | | 35 | | 65 | | 95 | | 125 | | 155 | | 185 |
| 6 | 6 | | 36 | | 66 | | 96 | | 126 | | 156 | | 186 |
| 7 | 7 | | 37 | | 67 | | 97 | | 127 | | 157 | | 187 |
| 8 | 8 | | 38 | | 68 | | 98 | | 128 | | 158 | | 188 |
| | 9 | | 39 | | 69 | | 99 | | 129 | | 159 | | 189 |
| 9 | 10 | | 40 | | 70 | | 100 | | 130 | | 160 | | 190 |
| 10 | 11 | | 41 | | 71 | | 101 | | 131 | | 161 | | 191 |
| 11 | 12 | | 42 | | 72 | | 102 | | 132 | | 162 | | 192 |
| 12 | 13 | | 43 | | 73 | | 103 | | 133 | | 163 | | 193 |
| 13 | 14 | | 44 | | 74 | | 104 | | 134 | | 164 | | 194 |
| 14 | 15 | | 45 | | 75 | | 105 | | 135 | | 165 | | 195 |
| 15 | 16 | | 46 | | 76 | | 106 | | 136 | | 166 | | 196 |
| 16 | 17 | | 47 | | 77 | | 107 | | 137 | | 167 | | 197 |
| | 18 | | 48 | | 78 | | 108 | | 138 | | 168 | | 198 |
| | 19 | | 49 | | 79 | | 109 | | 139 | | 169 | | 199 |
| | 20 | | 50 | | 80 | | 110 | | 140 | | 170 | | 200 |
| | 21 | | 51 | | 81 | | 111 | | 141 | | 171 | | 201 |
| | 22 | | 52 | | 82 | | 112 | | 142 | | 172 | | 202 |
| | 23 | | 53 | | 83 | | 113 | | 143 | | 173 | | 203 |
| | 24 | | 54 | | 84 | | 114 | | 144 | | 174 | | 204 |
| | 25 | | 55 | | 85 | | 115 | | 145 | | 175 | | 205 |
| | 26 | | 56 | | 86 | | 116 | | 146 | | 176 | | 206 |
| | 27 | | 57 | | 87 | | 117 | | 147 | | 177 | | 207 |
| | 28 | | 58 | | 88 | | 118 | | 148 | | 178 | | 208 |
| | 29 | | 59 | | 89 | | 119 | | 149 | | 179 | | 209 |
| | 30 | | 60 | | 90 | | 120 | | 150 | | 180 | | 210 |

U.S. Patent and Trademark Office

Part of Paper No.  20050728

USR000121

| Index of Claims | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|
| | 09/734,163 | MCELVANEY, DAVID |
| | Examiner | Art Unit |
| | Allan Hoosain | 2645 |

| | | | | | | |
|---|---|---|---|---|---|---|
| √ | Rejected | – | (Through numeral) Cancelled | N | Non-Elected | A | Appeal |
| = | Allowed | + | Restricted | I | Interference | O | Objected |

| Claim | | Date | Claim | | Date | Claim | | Date |
|---|---|---|---|---|---|---|---|---|
| Final | Original | 9/19/05 | Final | Original | | Final | Original | |
| 1 | 1 | = | | 51 | | | 101 | |
| 2 | 2 | = | | 52 | | | 102 | |
| 3 | 3 | = | | 53 | | | 103 | |
| 4 | 4 | = | | 54 | | | 104 | |
| 5 | 5 | = | | 55 | | | 105 | |
| 6 | 6 | = | | 56 | | | 106 | |
| 7 | 7 | = | | 57 | | | 107 | |
| 8 | 8 | = | | 58 | | | 108 | |
| | 9 | | | 59 | | | 109 | |
| 9 | 10 | = | | 60 | | | 110 | |
| 10 | 11 | = | | 61 | | | 111 | |
| 11 | 12 | = | | 62 | | | 112 | |
| 12 | 13 | = | | 63 | | | 113 | |
| 13 | 14 | = | | 64 | | | 114 | |
| 14 | 15 | = | | 65 | | | 115 | |
| 15 | 16 | = | | 66 | | | 116 | |
| 16 | 17 | = | | 67 | | | 117 | |
| | 18 | | | 68 | | | 118 | |
| | 19 | | | 69 | | | 119 | |
| | 20 | | | 70 | | | 120 | |
| | 21 | | | 71 | | | 121 | |
| | 22 | | | 72 | | | 122 | |
| | 23 | | | 73 | | | 123 | |
| | 24 | | | 74 | | | 124 | |
| | 25 | | | 75 | | | 125 | |
| | 26 | | | 76 | | | 126 | |
| | 27 | | | 77 | | | 127 | |
| | 28 | | | 78 | | | 128 | |
| | 29 | | | 79 | | | 129 | |
| | 30 | | | 80 | | | 130 | |
| | 31 | | | 81 | | | 131 | |
| | 32 | | | 82 | | | 132 | |
| | 33 | | | 83 | | | 133 | |
| | 34 | | | 84 | | | 134 | |
| | 35 | | | 85 | | | 135 | |
| | 36 | | | 86 | | | 136 | |
| | 37 | | | 87 | | | 137 | |
| | 38 | | | 88 | | | 138 | |
| | 39 | | | 89 | | | 139 | |
| | 40 | | | 90 | | | 140 | |
| | 41 | | | 91 | | | 141 | |
| | 42 | | | 92 | | | 142 | |
| | 43 | | | 93 | | | 143 | |
| | 44 | | | 94 | | | 144 | |
| | 45 | | | 95 | | | 145 | |
| | 46 | | | 96 | | | 146 | |
| | 47 | | | 97 | | | 147 | |
| | 48 | | | 98 | | | 148 | |
| | 49 | | | 99 | | | 149 | |
| | 50 | | | 100 | | | 150 | |

Part of Paper No. 20050728

USR000122

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of: McELVANEY
For:  REMOTE INTERNET TELEPHONY DEVICE
Filed:  December 11, 2000
**Serial No.: 09/734,163  Art Unit: 2645  Examiner: HOOSAIN, Allan**

## RESPONSE TO FIRST OFFICE ACTION

Honorable Commissioner of Patents and Trademarks
Patent and Trademark Office
Washington, D.C. 20231

Sir:

In response to action dated May 7, 2004, please amend the above-referenced application as follows:

Please amend Claim 1 to incorporate the limitations of claim 9 (which the Examiner has indicated would be allowable).  With this additional limitation, Claims 4, 5 and 15, which depend from Claim 1, should also be allowable without amendment.

Please amend Claims 4 and 5 by changing "the ring and status signal" to "ring and status signals".

Please cancel Claim 9 without prejudice.

Please add new claims 16 and 17 as follows:

16.  A device as in Claim 1 wherein said connection between said computer and said remote cordless telephone base unit comprises a USB port.

17.  A device as in Claim 1 wherein said connection between said computer and said remote cordless telephone base unit comprises a serial port.

Comments

Attached hereto is a listing of all claims, indicating status and changes from the prior version.

Claim 1 has been amended to incorporate the limitations of Claim 9.  As the Examiner has indicated that Claim 9 would be allowable if rewritten in independent form including all of the limitations of the base claim, Claim 1 should now be allowable.  If Claim 1 is allowable, then all remaining claims (which are dependent upon Claim 1 or an intervening claim) should also be allowable.

Grammatical changes have been made to Claims 4 and 5 (changing "the ring and status signal" to "ring and status signals") which

USR000123

Applicant believes renders the antecedent basis objection to these claims moot.

Claim 9 is cancelled, without prejudice, as it would be duplicative if the amended Claim 1 is allowed.

Two new claims are presented.  The limitations presented in the new claims are found in the originally filed specification at, for example, page 7 lines 6 and 7 with respect to the USB port and page 6 (last line) through page 7 line 3 and Figure 3 with respect to the serial port.

Favorable action is solicited.  Should there be issues which could be resolved by a telephone conference, Applicant requests that the Examiner contact the undersigned.

Respectfully submitted,

Max Stul Oppenheimer
Reg. No. 33,203
P. O. Box 50
Stevenson, MD  21153
410-837-5127

USR000124

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of: DAVID McELVANEY
For:    REMOTE INTERNET TELEPHONY DEVICE
Filed: December 11, 2000
      Serial No.: 09/734,163      Art Unit: 2645      Examiner: HOOSAIN, Allan


## TRANSMITTAL LETTER


August 26, 2004

Honorable Commissioner of Patents and Trademarks
Patent and Trademark Office
Washington, D.C. 20231

Sir:

Transmitted for filing in the above-referenced case are:

    **Response to First Office Action**
    **Petition for 1 month Extension of Time**
    **Authorization to Charge Deposit Account**
    **Certificate of Mailing**
    **Return Postcard**

Respectfully submitted,

/Max Stul Oppenheimer
Reg. No. 33,203
P. O. Box 50
Stevenson, MD  21153
(410) 837-5127

**CERTIFICATE OF MAILING**

I hereby certify that the above listed attached paper(s) or fee are being deposited with the U.S.
Postal Service with sufficient first class postage on the date indicated above, addressed to the
Commissioner of Patents and Trademarks, Washington, D. C. 20231.

USR000125

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of: McELVANEY
For:    REMOTE INTERNET TELEPHONY DEVICE
Filed:  December 11, 2000
Serial No.: 09/734,163    Art Unit: 2645    Examiner: HOOSAIN, Allan

Amendment to the Claims

1. (currently amended) A remote cordless internet telephony device comprising:

a remote cordless telephone comprising a remote cordless telephone handset and a remote cordless telephone base unit;

said remote cordless telephone handset comprising a microphone, a speaker, a dialpad, a handset rf transceiver for communication with a base unit transceiver, circuitry for translating audio information input to said microphone to an rf signal as an input to said handset rf transceiver, circuitry for translating input from said handset rf transmitter means to an electrical signal as an input to said speaker, and circuitry for translating a keypress on said dialpad into a DTMF tone as an input to said handset rf transmitter;

said remote cordless telephone base unit connected to a computer, comprising a base unit rf transceiver for communication with said handset rf transceiver, means for determining whether said communication represents a

USR000126

DTMF signal or audio information, circuitry for
translating communications from said handset rf
transceiver into digital form for transmission to a
computer, circuitry for receiving digital data from
said computer and translating said digital data to a
form suitable for transmission to said base unit rf
transceiver, and means for transmitting signals between
said base unit rf transceiver and said computer;

10     and a computer having a connection to a digital
telephony network and a connection to said remote
cordless telephone base unit, said computer executing
software programmed to

     accept data from said remote cordless telephone
     base unit,
     transmit audio information input from said remote
     cordless telephone base unit to said digital
     telephony network,
     receive audio information input from said digital
     telephony network, convert it to a form suitable
20     for said remote cordless telephone base unit and
     transmit it to said cordless telephone unit;

wherein said software is compatible with telephony
software utilized by Internet telephony providers so as
to allow emulation of a cordless POTS telephone call

USR000127

<u>over the Internet</u>

whereby one user may carry on a voice conversation with a second user over said digital telephony network.

2.  (previously presented) A device as in claim 1 having an effective range between said remote cordless handset and said remote cordless telephone base of more than twelve feet.

3.  (previously presented) A device as in claim 1 having an effective range between said remote cordless handset and said remote cordless telephone base of more than 400 feet.

10    4. (previously presented) A device as in Claim 1 wherein said connection between said computer and said remote cordless telephone base unit comprises an RS232 for [the] ring and status signals and a computer sound card.

5. (previously presented) A device as in Claim 1 wherein said connection between said computer and said remote cordless telephone base unit comprises a Universal Serial Bus for [the] ring and status signals and a computer sound card.

6. (previously presented) A device as in Claim 1 wherein said software is programmed to detect the presence of the remote
20    cordless telephone on any port, providing ready status where "ready" is defined as either (1) on hook in base or (2) out of

USR000128

'06/29/2005  12:05   410-837-4492           UNIV OF BALTIMORE              PAGE  08

base, not in use with radios and security codes synchronized.

7. (previously presented) A device as in Claim 1 wherein said remote cordless base unit comprises circuits separated into isolated millivolt level audio transmit and receive.

8. (previously presented) A device as in Claim 1 wherein ringing information operates at 3vdc, and on a separate communication line from the audio signal.

9.  (cancelled)

10. (previously presented) A device as in Claim 9 wherein said telephony software is based on Dialpad (TM) technology.

11. (previously presented) A device as in Claim 9 wherein said telephony software is based on Microsoft Netmeeting (TM) technology.

12. (previously presented) A device as in Claim 9 wherein said telephony software is based on ITXC Webtalk Now (TM) technology.

13. (previously presented) A device as in Claim 9 wherein said telephony software is based on Avaya Softphone (TM) technology.

14. (previously presented) A device as in Claim 9 wherein said telephony software is based on Net-2-Phone (TM) technology.

USR000129

06/29/2005 12:05    410-837-4492           UNIV OF BALTIMORE           PAGE 09

15. (previously presented) A device as in Claim 1 further comprising the functions of voicemail navigation, or selections from a telephone system auto-attendant.

16. (new)  A device as in Claim 1 wherein said connection between said computer and said remote cordless telephone base unit comprises a USB port.

17. (new) A device as in Claim 1 wherein said connection between said computer and said remote cordless telephone base unit comprises a serial port.

USR000130

RECEIVED
CENTRAL FAX CENTER

NOV 2 2 2005

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of: McELVANEY
Serial No.: 09/734,163                Art Unit:    2645
Filing Date: December 11, 2000        Examiner: HOOSAIN, Allan
For: REMOTE INTERNET TELEPHONY DEVICE

Authorization to Charge Deposit Account

November 22, 2005

Honorable Commissioner of Patents and Trademarks
Patent and Trademark Office
Washington, D.C. 20231

Sir:

Transmitted for filing in the above-referenced case are:

    Amendment and related documents

The Commissioner is authorized to charge any fees relating to the
above filing  to our Deposit Account No. 15-0620.  A duplicate
copy of this sheet is enclosed.

Respectfully submitted,

Max Stul Oppenheimer
Reg. No. 33,203
P. O. Box 50
Stevenson, MD  21153
(410) 837-5127

USR000131

RECEIVED
CENTRAL FAX CENTER

NOV 2 2 2005

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of: McELVANEY
Serial No.: 09/734,163          Art Unit:   2645
Filing Date: December 11, 2000  Examiner: HOOSAIN, Allan
For: REMOTE INTERNET TELEPHONY DEVICE

Authorization to Charge Deposit Account

November 22, 2005

Honorable Commissioner of Patents and Trademarks
Patent and Trademark Office
Washington, D.C. 20231

Sir:

Transmitted for filing in the above-referenced case are:

   Amendment and related documents

The Commissioner is authorized to charge any fees relating to the
above filing  to our Deposit Account No. 15-0620.  A duplicate
copy of this sheet is enclosed.

Respectfully submitted,

Max Stul Oppenheimer
Reg. No. 33,203
P. O. Box 50
Stevenson; MD  21153
(410) 837-5127

USR000132

11/22/2005  11:29  410-837-4492            UNIV OF BALTIMORE            PAGE  01

RECEIVED
CENTRAL FAX CENTER

NOV 2 2 2005

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of: DAVID McELVANEY
For:   REMOTE INTERNET TELEPHONY DEVICE
Filed: December 11, 2000
    Serial No.: 09/734,163     Art Unit: 2645     Examiner: HOOSAIN, Allan
Attorney Docket #: RIPVEN200001

---

November 22, 2005

**By Facsimile to Commissioner of Patents and Trademarks**
        **571-273-8300**
**From: Max Stul Oppenheimer (voice 410-837-5127)**

**Attention Examiner  HOOSAIN, Allan**

Transmitted for filing in the above-referenced matter are
12 pages including this transmittal sheet, consisting of:

    Record of Interview
    Amendment After Allowance
    Authorization to Charge Deposit Account
    Certificate of transmission

Max Stul Oppenheimer
Reg. No. 33,203
P. O. Box 50
Stevenson, MD  21153
(410) 837-5127

### CERTIFICATE OF TRANSMITTAL BY FACSIMILE

Date of Transmission:  November 22, 2005
Facsimile Number: 571-273-8300

I hereby certify that the above attached paper is being transmitted by facsimile to the
Commissioner for Patents, PO Box 1450, Alexandria, VA  22313-1450, at the above number in
accordance with Rule 1.6(d) and MPEP 502.01, on the date indicated above.

USR000133

RECEIVED
CENTRAL FAX CENTER

NOV 2 2 2005

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of: McELVANEY
For:   REMOTE INTERNET TELEPHONY DEVICE
Filed:  December 11, 2000
Serial No.: 09/734,163   Art Unit: 2645   Examiner: HOOSAIN, Allan

### RECORD OF INTERVIEW

Date of interview: July 28, 2005
Type of interview: Telephonic
Participants: Examiner Allan Hoosain, Patent Attorney of Record Max Stul Oppenheimer
Matters discussed: Pending claims and proposed amendments to overcome prior art of record.
Outcome: Tentative agreement was reached

Max Stul Oppenheimer
Reg. No. 33,203
P. O. Box 50
Stevenson, MD  21153
(410) 837-512

USR000134



## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of: McELVANEY
For:   REMOTE INTERNET TELEPHONY DEVICE
Filed: December 11, 2000
Serial No.: 09/734,163
Attorney Docket: RV0001


TRANSMITTAL LETTER


December 14, 2005


Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

Sir:

Transmitted for filing in the above-referenced case are:

    Fee Transmittal
    Check in the amount of $1000
    Certificate of Mailing
    Return Postcard

Authorization to charge our deposit account is enclosed.

Kindly date stamp and return the enclosed stamped, self-addressed
postcard acknowledging receipt of the above.


Respectfully submitted,


Max Stul Oppenheimer
Reg. No. 33,203
P. O. Box 50
Stevenson, MD  21153
(410) 837-5127

**CERTIFICATE OF MAILING**
I hereby certify that the above listed attached paper(s) or fee are being deposited with the U.S. Postal Service with sufficient first
class postage on the date indicated above, addressed to Mail Stop Issue Fee, Commissioner for Patents, PO Box 1450,
Alexandria, VA  22313-1450.

USR000135



**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

In re Patent Application of: McELVANEY
For:   REMOTE INTERNET TELEPHONY DEVICE
Filed: December 11, 2000
Serial No.: 09/734,163
Attorney Docket: RV0001

Authorization to Charge Deposit Account

December 14, 2005

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

Sir:

Transmitted for filing in the above-referenced case are:

    Fee Transmittal and related documents
    Check in the amount of $1,000

Applicant is entitled to Small Entity status.

The Commissioner is authorized to charge any additional fees
relating to the above filing or credit any overpayment to our
Deposit Account No. 15-0620.  A duplicate copy of this sheet is
enclosed.

Respectfully submitted,

Max Stul Oppenheimer
Reg. No. 33,203
P. O. Box 50
Stevenson, MD  21153
(410) 837-5127

11/22/2005 11:29   410-837-4492          UNIV OF BALTIMORE               PAGE  03

RECEIVED
CENTRAL FAX CENTER

NOV 2 2 2005

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of: McELVANEY
For:  REMOTE INTERNET TELEPHONY DEVICE
Filed:  December 11, 2000
Serial No.: 09/734,163   Art Unit: 2645   Examiner: HOOSAIN, Allan

### AMENDMENT AFTER ALLOWANCE

Applicants submit the following proposed amendments pursuant to
37 CFR 1.312 and MPEP 714.16.

The issue fee has not been paid, and the proposed changes are
needed for proper protection of the invention as described below.

Authorization to charge our deposit account is enclosed, in case
the amendments entered result in additional fees.

Claim 1
Summary of changes:

Change "transmitter" to "transceiver" each time it appears in the
claim (twice).  This change is requested in order to avoid
possible ambiguity (the word "transmitter" is used to describe
the "transceiver" when it is functioning in the transmit mode,
but as written it might be misinterpreted to describe a distinct
component).  Support is found in the claim as originally filed.

Change "it" to "said audio information input" each time "it"
appears in the claim (twice).  This change is requested in order
to avoid possible ambiguity as to the antecedent of "it".
Support is found in the claim as originally filed.

Proposed claim, showing amendments:

1.  A remote cordless internet telephony device comprising:
     a remote cordless telephone comprising a remote cordless
     telephone handset and a remote cordless telephone base unit;

          said remote cordless telephone handset comprising a
          microphone, a speaker, a dialpad, a handset rf
          transceiver for communication with a base unit
          transceiver, circuitry for translating audio
          information input to said microphone to an rf signal as
          an input to said handset rf transceiver, circuitry for
          translating input from said handset rf [transmitter]
          <u>transceiver</u> means to an electrical signal as an input
          to said speaker, and circuitry for translating a
          keypress on said dialpad into a DTMF tone as an input
          to said handset rf [transmitter] <u>transceiver</u>;

1

USR000137

said remote cordless telephone base unit connected to a
computer, comprising a base unit rf transceiver for
communication with said handset rf transceiver, means
for determining whether said communication represents a
DTMF signal or audio information, circuitry for
translating communications from said handset rf
transceiver into digital form for transmission to a
computer, circuitry for receiving digital data from
said computer and translating said digital data to a
form suitable for transmission to said base unit rf
transceiver, and means for transmitting signals between
said base unit rf transceiver and said computer;

and a computer having a connection to a digital
telephony network and a connection to said remote
cordless telephone base unit, said computer executing
software programmed to

> accept data from said remote cordless telephone
> base unit,
> transmit audio information input from said remote
> cordless telephone base unit to said digital
> telephony network,
> receive audio information input from said digital
> telephony network, convert ~~it~~ <u>said audio
> information input</u> to a form suitable for said
> remote cordless telephone base unit and transmit
> ~~it~~ <u>said audio information input</u> to said cordless
> telephone unit;

wherein said software is compatible with telephony
software utilized by Internet telephony providers so as
to allow emulation of a cordless POTS telephone call
over the Internet

whereby one user may carry on a voice conversation with
a second user over said digital telephony network.

Claim 4
Summary of changes: change "the ring and status" to "ring and
status". This change is requested in order to avoid any issue as
to antecedent basis. Support is found in the claim as originally
filed.

Proposed claim, showing amendments:
4. A device as in Claim 1 wherein said connection between said
computer and said remote cordless telephone base unit comprises
an RS232 for ~~the~~ ring and status signals and a computer sound
card.

2

USR000138

Claim 5
Summary of changes: change "the ring and status" to "ring and status".  This change is requested in order to avoid any issue as to antecedent basis.  Support is found in the claim as originally filed.

Proposed claim, showing amendments:

5.  A device as in Claim 1 wherein said connection between said computer and said remote cordless telephone base unit comprises a Universal Serial Bus for ~~the~~ ring and status signals and a computer sound card.

A complete listing of the claims is attached hereto.

Favorable action is solicited.  Should there be issues which could be resolved by a telephone conference, Applicant requests that the Examiner contact the undersigned.


Respectfully submitted,


_____
Max Stul Oppenheimer
Reg. No. 33,203
P. O. Box 50
Stevenson, MD   21153
410-837-5127

3

USR000139

CLEAN COPY OF CLAIMS

1. (currently amended) A remote cordless internet telephony device comprising:

5      a remote cordless telephone comprising a remote cordless telephone handset and a remote cordless telephone base unit;

     said remote cordless telephone handset comprising a microphone, a speaker, a dialpad, a handset rf transceiver for communication with a base unit 10      transceiver, circuitry for translating audio information input to said microphone to an rf signal as an input to said handset rf transceiver, circuitry for translating input from said handset rf transceiver means to an electrical signal as an input to said 15      speaker, and circuitry for translating a keypress on said dialpad into a DTMF tone as an input to said handset rf transceiver;

     said remote cordless telephone base unit connected to a 20      computer, comprising a base unit rf transceiver for communication with said handset rf transceiver, means for determining whether said communication represents a DTMF signal or audio information, circuitry for translating communications from said handset rf 25      transceiver into digital form for transmission to a computer, circuitry for receiving digital data from

4

USR000140

said computer and translating said digital data to a
form suitable for transmission to said base unit rf
transceiver, and means for transmitting signals between
said base unit rf transceiver and said computer;

5

and a computer having a connection to a digital
telephony network and a connection to said remote
cordless telephone base unit, said computer executing
software programmed to

10

    accept data from said remote cordless telephone
    base unit,
    transmit audio information input from said remote
    cordless telephone base unit to said digital

15    telephony network,
    receive audio information input from said digital
    telephony network, convert said audio information
    input to a form suitable for said remote cordless
    telephone base unit and transmit said audio

20    information input to said cordless telephone unit;

wherein said software is compatible with telephony
software utilized by Internet telephony providers so as
to allow emulation of a cordless POTS telephone call

25   over the Internet

5

USR000141

11/22/2005  11:29    410-837-4492            UNIV OF BALTIMORE              PAGE  08

whereby one user may carry on a voice conversation with a second user over said digital telephony network.

2.  (previously presented) A device as in claim 1 having an
5    effective range between said remote cordless handset and said remote cordless telephone base of more than twelve feet.

3.  (previously presented) A device as in claim 1 having an effective range between said remote cordless handset and said
10   remote cordless telephone base of more than 400 feet.

4. (currently amended) A device as in Claim 1 wherein said connection between said computer and said remote cordless telephone base unit comprises an RS232 for ring and status
15   signals and a computer sound card.

5. (currently amended) A device as in Claim 1 wherein said connection between said computer and said remote cordless telephone base unit comprises a Universal Serial Bus for [the]
20   ring and status signals and a computer sound card.

6. (previously presented) A device as in Claim 1 wherein said software is programmed to detect the presence of the remote cordless telephone on any port, providing ready status where
25   "ready" is defined as either (1) on hook in base or (2) out of base, not in use with radios and security codes synchronized.

6

USR000142

7. (previously presented) A device as in Claim 1 wherein said remote cordless base unit comprises circuits separated into isolated millivolt level audio transmit and receive.

5    8. (previously presented) A device as in Claim 1 wherein ringing information operates at 3vdc, and on a separate communication line from the audio signal.

9. (cancelled)

10

10. (previously presented) A device as in Claim 1 wherein said telephony software is based on Dialpad (TM) technology.

11. (previously presented) A device as in Claim 1 wherein said

15    telephony software is based on Microsoft Netmeeting (TM) technology.

12. (previously presented) A device as in Claim 1 wherein said telephony software is based on ITXC Webtalk Now (TM) technology.

20

13. (previously presented) A device as in Claim 1 wherein said telephony software is based on Avaya Softphone (TM) technology.

14. (previously presented) A device as in Claim 1 wherein said

25    telephony software is based on Net-2-Phone (TM) technology.

7

USR000143

15. (previously presented) A device as in Claim 1 further comprising the functions of voicemail navigation, or selections from a telephone system auto-attendant.

5    16. (previously presented)  A device as in Claim 1 wherein said connection between said computer and said remote cordless telephone base unit comprises a USB port.

17.  (previously presented) A device as in Claim 1 wherein said
10   connection between said computer and said remote cordless telephone base unit comprises a serial port.

8

USR000144

**PART B - FEE(S) TRANSMITTAL**

Complete and send this form, together with applicable fee(s), to: Mail

Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

or Fax (571) 273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

7590          09/26/2005

Max Stul Oppenheimer
P. O. Box 50
Stevenson, MD 21153

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

Max Stul Oppenheimer _____ (Depositor's name)

_____ (Signature)

12/14/05 _____ (Date)

12/19/2005 FHETEKI2 00000076 150620   09734163
01 FC:1501    400.00 DA    1000.00 OP
02 FC:1504    300.00 DA
03 FC:8001    20.00 DA

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/734,163 | 12/11/2000 | David McElvaney | | 4205 |

TITLE OF INVENTION: REMOTE INTERNET TELEPHONY DEVICE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | YES | $700 | $300 | $1000 | 12/27/2005 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| HOOSAIN, ALLAN | 2645 | 379-067100 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 Max Stul Oppenheimer
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE
Riparius Ventures, LLC

(B) RESIDENCE: (CITY and STATE or COUNTRY)
Timonium, MD US

Please check the appropriate assignee category or categories (will not be printed on the patent): ☐ Individual ☒ Corporation or other private group entity ☐ Government

4a. The following fee(s) are enclosed:
☒ Issue Fee
☒ Publication Fee (No small entity discount permitted)
☒ Advance Order - # of Copies ___10___

4b. Payment of Fee(s):
☒ A check in the amount of the fee(s) is enclosed.   $1,000
☐ Payment by credit card. Form PTO-2038 is attached.
☒ The Director is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number ___attached___ (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)
☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.   ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

The Director of the USPTO is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.
NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____     Date 12/14/05

Typed or printed name   Max Stul Oppenheimer     Registration No. 33,203

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 07/05) Approved for use through 04/30/2007.     OMB 0651-0033     U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/734,163 | 12/11/2000 | David McElvancy | | 4205 |

7590          01/24/2006

Max Stul Oppenheimer
P. O. Box 50
Stevenson, MD  21153

| EXAMINER |
|---|
| HOOSAIN, ALLAN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2645 | |

DATE MAILED: 01/24/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

USR000146

| | Application No. | Applicant(s) | |
|---|---|---|---|
| **Response to Rule 312 Communication** | 09/734,163 | MCELVANEY, DAVID | |
| | Examiner | Art Unit | |
| | Allan Hoosain | 2645 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

1. ☒ The amendment filed on <u>22 November 2005</u> under 37 CFR 1.312 has been considered, and has been:

a) ☒ entered.

b) ☐ entered as directed to matters of form not affecting the scope of the invention.

c) ☐ disapproved because the amendment was filed after the payment of the issue fee.
   Any amendment filed after the date the issue fee is paid must be accompanied by a petition under 37 CFR 1.313(c)(1) and the required fee to withdraw the application from issue.

d) ☐ disapproved. See explanation below.

e) ☐ entered in part. See explanation below.

Allan Hoosain
Primary Examiner
Art Unit: 2645